IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELLY PAGGEN,

    Plaintiff,

v.          No. 24-cv-1220-SMD-JFR

HEART OF AMERICA TRANS, INC.,
BEANT SINGH and LOVE'S TRAVEL STOPS
AND COUNTRY STORES, INC.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Kelly Paggen's ("Plaintiff's" or "Paggen's") motion to remand this action to state court (Doc. 7). For the reasons set forth below, the Court GRANTS Plaintiff's motion.

**Relevant Procedural History and Background**

On August 18, 2023, according to all parties, Plaintiff commenced this action by filing a complaint in the First Judicial District Court of Santa Fe County, New Mexico, Cause No. D-101-CV-2023-01968, against Heart of America Trans, Inc., and Beant Singh (collectively, "Heart of America Defendants"), for state law claims relating to a trucking accident in New Mexico (Doc. 1 at ¶ 1; Doc. 7 at 1; Doc. 10 at 1).[1]

On October 25, 2023, Plaintiff filed a first amended complaint in that court (Doc. 7, Ex. B). The caption remained the same, but the body of the complaint added allegations and claims against Love's Travel Stops and Country Stores, Inc. ("Love's") as a defendant, for an alleged failure to properly install a light bar (Doc. 7 at 1-2, Ex. B at ¶¶ 4, 15-16, 40-48; Doc. 10 at 2).

---

[1] This Court has not been provided with a copy of this initial state court complaint.

1

On November 12, 2024, the state court granted Love's motion to quash service and Plaintiff's motion to amend the case caption, which now listed Love's as a Defendant (Doc. 7 at 2 n. 1; Doc. 10 at 2, Ex. A). Prior to that, on November 1, 2024, the record reflects that Plaintiff filed a second amended complaint in state court, which listed Love's as a Defendant in the caption, and asserted allegations and claims against Love's as a defendant (Doc. 1, Ex. A, ¶¶ 4, 15-18, 42-50; Doc. 10 at 2). Also on November 12, 2024, a stipulated order for leave to amend the complaint was filed after the fact in state court (according to Love's and not disputed by Plaintiff) (Doc. 10 at 2).[2]

Plaintiff asserts that Love's was served with the second amended complaint on November 14, 2024, which is not disputed by Love's (Doc. 7 at 2 n. 1). On its face, the second amended complaint states that the Heart of America Defendants were served electronically, which is not disputed by the Heart of America Defendants (Doc. 1, Ex. A at 11).

On December 3, 2024, Defendant Love's filed in this Court a notice of removal to federal court, attaching Plaintiff's second amended complaint (Doc. 1).[3] Love's notice of removal listed the Heart of America Defendants as co-defendants, but did not state that the Heart of America Defendants consented to removal (Doc. 1 at ¶ 14). Both Love's and the Heart of America Defendants later asserted that the Heart of America Defendants "informally consented" to Love's notice of removal on December 3, 2024 (Doc. 10 at 1; Doc. 13 at 1), which is disputed by Plaintiff (Doc. 7 at 3).

---

[2] This Court has not been provided with a copy of this stipulated order.

[3] Love's notice of removal stated that "[t]rue and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by [28 U.S.C. §] 1446(a)" (Doc. 1 at ¶ 23). Plaintiff's second amended complaint was filed with the notice of removal, but not copies of other process, pleadings, and orders from state court (Doc. 1, Ex. 1).

On December 12, 2024, the Heart of America Defendants' counsel emailed other parties' counsel expressing his availability for a Rule 26(f) conference (Doc. 13, Ex. A), which is not disputed by Plaintiff.

On January 2, 2025, Plaintiff filed the instant Motion to Remand to state court (Doc. 7). On January 3, 2025, Love's filed a response opposing the motion (Doc. 10). Also on January 3, 2025, the Heart of America Defendants filed a formal notice of consent to removal (Doc. 9). On January 6, 2025, the Heart of America Defendants filed a response opposing the motion (Doc. 13). Plaintiff did not file a reply.

On April 3, 2025, Plaintiff and the Heart of America Defendants jointly filed a notice of settlement of Plaintiff's claims against those Defendants (Doc. 19). On April 4, 2025, the Magistrate Judge ordered the Heart of America Defendants to file closing documents by May 5, 2025 (Doc. 21). On April 21, 2025, Plaintiff and the Heart of America Defendants jointly filed a stipulation of dismissal of Plaintiff's claims against those Defendants, styled as a dismissal with prejudice (Doc. 22). Plaintiff stated that she did not intend to waive her pending Motion to Remand by the filing of the stipulation of dismissal, and that she intended only to comply with the Magistrate's order to file closing documents, and that her claims against Love's "are not part of this settlement" and "are expressly maintained" (Doc. 21 at 1-2). The Clerk of the Court subsequently terminated the Heart of America Defendants.

## **Legal Standards**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1197 (D.N.M. 2012), *citing Huffman v. Saul*

*Holdings Ltd. P'ship.*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court..."), *quoting in turn Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The removing defendant bears the burden of establishing that removal is proper. *See Aranda v. Foamex Int'l*, 884 F. Supp. 2d at 1198, *citing McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence'"); *see also Zambrano v. New Mexico Corr. Dep't.*, 256 F. Supp. 3d 1179, 1182 (D.N.M. 2017) ("there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome").

28 U.S.C. § 1446(b) provides: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1); *see also Soto v. Trejo*, 685 F. Supp. 3d 1101, 1104-05 (D.N.M. 2023). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## Discussion

Plaintiff moves to remand on two grounds. First, Plaintiff argues that Love's notice of removal was untimely (Doc. 7 at 1-2). Second, Plaintiff argues that the Heart of America Defendants were required to consent to removal, and did not timely do so (Doc. 7 at 3). The Court rejects Plaintiff's first argument and accepts Plaintiff's second argument, notwithstanding Plaintiff's voluntary dismissal of the Heart of America Defendants.

I.   **Love's Notice of Removal Was Not Untimely**

At the outset, no parties dispute that diversity jurisdiction exists in this case based on the matter in controversy exceeding $75,000, and complete diversity existing between the parties (Doc. 1 at ¶ 9).[4]

Love's notice of removal was not untimely under 28 U.S.C. § 1446(b). Courts in this District have interpreted "service" per § 1446(b) to require proper service. *See Aranda v. Foamex Int'l*, 884 F. Supp. 2d at 1210 ("the issue boils down to whether [defendant] was properly served"), *citing Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Here, the record indicates that a state court found on November 12, 2024, that Love's had not been properly served as of that date (Doc. 10 at 2, Ex. A). Plaintiff's assertions that Love's registered agent was served with the summons and first amended complaint on November 17, 2023, or that Love's counsel was properly served as of July 11, 2024, by email (Doc. 7 at 2), are unavailing based on the state court's order.

Additionally, Love's notice of removal was timely under the "last-served defendant" rule. In this District, the balance of authority supports the "last-served defendant" rule, which "provides that a later served defendant has 30 days from the time it receives the complaint (or amended complaint) to remove an action to federal court even if earlier named defendants did not choose to remove." *Soto v. Trejo*, 685 F. Supp. 3d at 1104; *see generally id.* at 1105-07 (noting that the Tenth Circuit has not definitively addressed whether the "first-served defendant" or "last-served defendant" rule applies, and collecting caselaw indicating that the "last-served

---

[4] Plaintiff is a citizen of Indiana (Doc. 1 at ¶¶ 5, 13, Ex. A at ¶ 1). Defendant Heart of America Trans, Inc., is a corporation with its principal place of business in California (Doc. 1 at ¶¶ 6, 14, 18, Ex. A at ¶ 2). Defendant Beant Singh is a citizen of California (Doc. 1 at ¶¶ 7, 14, 17, Ex. A at ¶ 3). Defendant Love's is a corporation with its principal place of business in Oklahoma (Doc. 1 at ¶¶ 8, 15, 18, Ex. A at ¶ 4).

5

defendant" rule is more consonant with the text of 28 U.S.C. § 1446(b), particularly in light of 2011 Congressional amendments), *citing*, *e.g.*, *Zambrano v. New Mexico Corr. Dep't.*, 256 F. Supp. 3d at 1184 *and* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-761 (2011).

Here, the record indicates that Love's noticed its removal within 30 days after a state court approved the addition of Love's to Plaintiff's complaint and ruled that Love's had not yet been properly served.  *See, e.g.*, *Fenwick v. Nationwide Mut. Ins. Co.*, No. 09-CV-572, 2009 WL 3246757, at *3 (D. Utah Oct. 6, 2009) ("Defendant's time to remove did not begin to run until it was named a proper party and served accordingly").[5]  On this record, this Court finds that Love's has met its burden for removal, and declines to remand on this ground.

## II.     The Heart of America Defendants' Consent to Removal Was Untimely

Plaintiff argues that the Heart of America Defendants were required to consent to removal, and did not timely do so (Doc. 7 at 3).  This Court agrees, based on the record before it.

As noted above, when the plaintiff names and serves multiple defendants, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  The "rule of unanimity" provides that "[t]he failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v.*

---

[5] This Court notes that this is not a "misnomer" situation, in which a plaintiff properly served the correct defendant, but the complaint misnamed the defendant in some insignificant way.  *See Aranda v. Foamex Int'l*, 884 F. Supp. 2d at 1210-14 (collecting caselaw where "the time for removal began to run when the defendant was originally served despite the misnomer"), *citing*, *e.g.*, *Brown v. New Jersey Manufacturers Insurance Group*, 322 F. Supp. 2d 947, 950, 952 (M.D. Tenn. 2004) (defendant New Jersey Re-Insurance Company was on notice where plaintiff served the New Jersey Manufacturers Insurance Company, even though New Jersey Re-Insurance Company was not named in the complaint).  Here, Plaintiff sued an individual and corporation, and then added Love's, an entirely different corporation, as a defendant.

*Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172–73 (D.N.M. 2007), *quoting Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981).

There is a split of authority in the Tenth Circuit, and courts in this District, as to the required "*form of* and *time frame for*" such consent. *Szuszalski v. Fields*, No. 19-CV-0250, 2019 WL 5964602, at *3-11 (D.N.M. Nov. 13, 2019) (emphases intact) (collecting caselaw). As to form of consent, some courts in this District require independent and unambiguous notice of consent, such as by signing the notice of removal itself or by filing a clear, separate consent. *See Szuszalski v. Fields*, 2019 WL 5964602, at *3 (collecting caselaw), *citing, e.g.*, *Schueller v. Cty. of Valencia*, No. 16-CV01287, 2017 WL 3172781, at *3 (D.N.M. May 24, 2017). Other courts in this District have allowed the removing defendant to "vouch" for another defendant in the notice of removal. *See id.*, *citing*, *e.g.*, *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010).

In this case, it is undisputed that the Heart of America Defendants did not sign the notice of removal, nor did Love's "vouch" for the Heart of America Defendants in that notice of removal. It is also undisputed that the Heart of America Defendants filed a separate consent, but after Plaintiff moved for remand.

As to the time frame for consent, some courts in this District have held that the thirty-day deadline begins to run from the date the last defendant is served with the complaint. *See, e.g.*, *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d at 1182-83. Other courts have held that the thirty-day deadline begins to run from the date of the notice of removal.[6] *See Padilla v. Am.*

---

[6] The dispute centers on the statutory interpretation of 28 U.S.C. § 1446(b)(2)(A), (B) and (C). § 1446(b)(2)(B) provides: "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." It is the only subparagraph of § 1446(b)(2) that provides a 30-day time limit. Judge Johnson read the provisions to provide that "when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served."

7

*Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1264 (D.N.M. 2017); *see also Szuszalski v. Fields*, 2019 WL 5964602, at *8-*9 (comparing *Zambrano* and *Padilla*).

Pertinent here, however, "courts have uniformly found that a properly served and joined defendant's position on removal must be set no later than the time by which a plaintiff must move to remand." *Spigner v. Singh*, No. 21-CV-123, 2021 WL 3033331, at *3 (D.N.M. July 19, 2021); *see also Szuszalski v. Fields*, 2019 WL 5964602, at *10, *citing Centura Health Corp. v. Agnew*, No. 18-CV-569, 2018 WL 3454976, at *3 (D. Colo. July 18, 2018) ("to give any meaning to the procedural requirement that all defendants consent to or join a notice to remove, such consent or joinder must at the very least be filed before the plaintiff moves to remand.").

Here, no parties dispute that each Defendant was properly served with the state court complaint and federal notice of removal by the time Love's removed the case. The Heart of America Defendants then filed their consent to removal thirty-one days after Love's removed the case, and one day after Plaintiffs moved to remand. Their consent is too late. *See Spigner v. Singh*, 2021 WL 3033331, at *7 (defendant "did not file his consent to removal until after Plaintiffs filed their motion to remand and, it appears, only filed the consent in response to Plaintiffs' motion to remand").

---

*Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d at 1184. Judge Browning read § 1446(b)(2)(B) only to refer to a notice of removal, not to consent. *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d at 1263. But Judge Browning also read a separate provision, in conjunction with § 1446(b)(2), to provide for a 30-day time limit from the notice of removal. *Id.* at 1263-64, *citing* 28 U.S.C. § 1447(c). Judge Yarbrough disagreed with that reasoning, but read § 1447(c) with § 1446(b)(2) to provide that "a co-defendant's position on consent to removal must be determined no later than the time when a plaintiff's motion to remand is due." *Spigner v. Singh*, 2021 WL 3033331, at *6. Generally, courts in this district have expressed discomfort with the idea that no time limit applies to consent to removal. *See, e.g. Zambrano*, 256 F. Supp. 3d at 1185 ("Defendants have not directed the Court to any case law standing for the proposition that § 1446(b)(2)(C) authorizes a defendant to consent to removal at any time when the defendant has not complied with the thirty-day deadline contained in § 1446(b)(2)(B).")

Some courts in this district have held that—considering the form and timing factors together—a defendant may validly express consent to removal less formally than in a notice of consent, if done within a thirty-day window, whether the window starts upon proper service of the complaint or a co-defendant's notice of removal.  But in those situations, courts found unanimity because that defendant (or the removing co-defendant) actively expressed in federal court filings that defendant's intention to participate in the federal lawsuit.  *See*, *e.g.*, *Szuszalski v. Fields*, 2019 WL 5964602, at *7 (co-defendant's notice of removal "vouching" for defendant, coupled with, e.g., defendant's filing of a motion to dismiss, a jury trial demand, and a formal notice of consent, all before plaintiff's motion to remand, was sufficient to establish unanimity); *Weathers v. Circle K Stores, Inc.*, 434 F. Supp. 3d 1195, 1203-04 (D.N.M. 2020) (co-defendant's notice of removal "vouching" for defendant, coupled with defendant's answer six days after removal, was sufficient to establish unanimity).

Here, Love's did not "vouch" for the Heart of America Defendants,[7] and the Heart of America Defendants have not answered.  They point only to a December 12, 2024, email from their counsel to other parties' counsel expressing availability for a Rule 26(f) conference.  On this record, this Court declines to find unanimity.[8]

As to timing of consent, courts have been wary of finding a defendant's late-filed notice of consent sufficient without the above-noted active expressions of intention to participate.  *See*,

---

[7] Both Love's and the Heart of America Defendants asserted in briefing on this motion that the Heart of America Defendants "informally consented" to Love's notice of removal on December 3, 2024 (Doc. 10 at 1; Doc. 13 at 1).  However, neither party provides evidence in support.

[8] The Heart of America Defendants assert in briefing on this motion that they "could not remove this matter themselves, due to an unintentional delay in obtaining counsel between service of Plaintiff's Amended Complaint in the state matter and the time period required for removal as set forth in 28 U.S.C. § 1446(b)(1)" (Doc. 13 at 1).  However, the Heart of America Defendants had the same counsel in the state court action (Doc. 1, Ex. A at 11).

*e.g.*, *Weathers v. Circle K Stores, Inc.*, 434 F. Supp. 3d at 1204 (defendant's notice of consent filed after a motion to remand "standing alone, would not demonstrate consent"). Indeed, "no court in this district has ruled that a co-defendant may remain silent and then change its default position after the plaintiff has filed a motion to remand." *Spigner v. Singh*, 2021 WL 3033331, at *3. On this record, the Heart of America Defendants remained silent to this Court before plaintiff moved to remand. This Court declines to find timely consent to removal, in light of Love's burden to establish that removal is proper.

### III. Plaintiff's Voluntary Dismissal of the Heart of America Defendants Does Not Impact Remand

As noted above, after the removal and motion to remand, Plaintiff and the Heart of America Defendants jointly filed a stipulation of dismissal with prejudice of Plaintiff's claims against those Defendants (and only those Defendants). Given Plaintiff's dismissal, this Court is constrained to remand this case to state court without the Heart of America Defendants in it.

The Heart of America Defendants' failure to properly and timely consent requires remand to state court because the rule of unanimity must be satisfied when removal is noticed, absent exceptions not present here.[9] *See Bailey v. Markham*, 611 F. Supp. 3d 1177, 1240 (D.N.M. 2020) (the unanimity rule refers to the "requirement that all defendants served *at the time of filing* must join in the notice of removal") (emphases added); *Spigner v. Singh*, 2021 WL 3033331, at *2 ("*At the time of this removal*, all Defendants were properly joined and served… and therefore all needed to consent to removal.") (emphases added). The statutory language is

---

[9] District courts have summarized those exceptions as (1) where the non-consenting defendant was not yet served with process at the time the removal petition was filed, (2) where a defendant is merely a nominal, unnecessary, or formal party-defendant, and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015); *see also, e.g.*, *Williams v. Howard Univ.*, 984 F. Supp. 27, 30 n. 5 (D.D.C. 1997); *Bailey v. Markham*, 611 F. Supp. 3d at 1240 (citing first two exceptions).

10

mandatory. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served *must* join in or consent to the removal of the action") (emphases added); *see also*, *e.g.*, *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 977 (S.D. Ohio 2003) ("Defendants' untimely filing of their consents to removal is more than a 'technical' defect in the removal process, thus mandating remand to the state court.").

But after the Heart of America Defendants' untimely consent, Plaintiff exercised her right under Fed. R. Civ. P. 41(a)(1) to voluntarily dismiss the action against those Defendants, without a court order, by filing a notice of dismissal before those Defendants answered. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 320 (D.N.M. 2014) ("The filing of a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) does not require an order of the court."), *quoting Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."). In this District, the better view is that Plaintiff has the right to voluntarily dismiss an "action" against specific defendants and need not dismiss all defendants. *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. at 322-24.

Plaintiff and the Heart of America Defendants noticed dismissal with prejudice, rather than without. In this Circuit, "a plaintiff has an absolute right to dismiss without prejudice." *Janssen v. Harris*, 321 F.3d at 1000; *see also* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). As to Plaintiff's "right" to dismiss with prejudice, Rule 41 is less explicit. However, district courts in this Circuit have treated a Rule 41(a)(1) voluntary dismissal with prejudice as also one of right. *McLaughlin Grp., Inc. v. Vac-Tron Holdings, Inc.*, No. 20-CV-3531, 2021 WL 9569649, at *1 (D. Colo. Dec. 14, 2021) (all claims "were dismissed with prejudice as of the entry of the notices of dismissal," and

"[n]o order of dismissal is necessary"); *see also Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541 (6th Cir. 2001) ("The dismissal may be made either with or without prejudice."), *cited approvingly*, *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009); 8 Moore's Federal Practice - Civil § 41.33[4][d].

As such, Plaintiff validly exercised her right to move this Court for remand, as well as her right to notice dismissal of the non-consenting Defendants without this Court's order before this Court ruled on Plaintiff's motion.[10] Practically, this means the Defendant who did properly comply with removal requirements cannot litigate in federal court, while the Defendants who did not properly comply are excused from litigating as the case moves to state court. This Court finds this result less than satisfactory. Nevertheless, on this record and in consideration of the mandatory language of 28 U.S.C. § 1446(b)(2)(A), the Court grants Plaintiff's motion to remand, and is constrained to do so without the Heart of America Defendants in the case.

## Conclusion

For this and the other reasons discussed above, Plaintiffs' motion to remand (Doc. 7) is GRANTED.

**IT IS SO ORDERED.**

 

 

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

---

[10] Notably, this is not a situation where federal jurisdiction never existed over the non-consenting Defendants. *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (lack of consent is a procedural defect, not a subject matter jurisdiction defect), *citing Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *see also Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1344 (D. Utah 2005) (similar), *citing Farmland Nat'l Beef Packing Co., v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004).